

**FILED**
DEC 1 2011
Phil Lombardi, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. JANICE Y. ROWE,<br>    Plaintiff,<br><br>vs.<br><br>2. APAC-CENTRAL, INC. dba OLD CASTLE MATERIAL GROUP,<br>3. APAC-ARKANSAS, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 11 CV - 753 CVE PJC

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

## COMPLAINT

This action seeks declaratory and injunctive relief, compensatory and equitable damages, liquidated damages, punitive damages, and costs and attorney fees, for violations of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and the law of the State of Oklahoma, by the Defendants, ("APAC"), and suffered by the Plaintiff, Janice Y. Rowe.

### PARTIES, JURISDICTION, VENUE & CONDITIONS PRECEDENT

1. That Plaintiff, Janice Y. Rowe, was a resident of the City of Claremore, Rogers County, State of Oklahoma at all times relevant to this suit.

2. That Rowe is a member of a class of persons protected by Title VII of the Civil Rights Act, to wit: female.

3. That Defendants are domesticated corporations conducting substantial business within the State of Oklahoma, located in Tulsa County, employing more than fifteen (15) full-time regular employees.

4. That Rowe filed her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, alleging that Defendants discriminated against her based upon her sex. Plaintiff

1



has exhausted her administrative remedies as to her claim.

5. That Rowe has timely filed her Complaint in this matter after her receipt of her Right to Sue letter.

6. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1367(a); 29 U.S.C. §201 *et seq.*, as amended by 29 U.S. C. § 206(d); and 29 U.S.C. § 623 *et seq.*. Venue is proper under 28 U.S.C. § 1391(b) and, because all of the Defendants' actions and omissions that are alleged herein occurred within Tulsa County, State of Oklahoma and within this judicial district, jurisdiction and venue is proper in the Northern District of the United States District Court.

## FACTS

7. On or about July 8, 2002, Ms. Rowe began working for Defendants in their Tulsa, Oklahoma establishment, where Defendants are engaged in the production and supply of aggregate, sand, gravel, hot-mix asphalt and ready mixed concrete products.

8. During Plaintiff's employment, she was subjected to discrimination based on her sex as follows:

   a. That Ms. Rowe was subjected to heightened disciplinary action in comparison to similarly-situated male employees;

   b. That Ms. Rowe was subjected to heightened scrutiny in the performance of her duties in comparison to similarly-situated male employees;

   c. That Ms. Rowe was subjected to disparate treatment in the application of corporate managerial policy based on her sex;

   d. That Ms. Rowe was subjected to disparaging comments during her employment;

   e. That Ms. Rowe was subjected to sex discrimination based upon a pattern of disparate

2

   promotion by the Defendants; and,

 f. That Ms. Rowe was subjected to sex discrimination based upon a pattern of disparate discipline by the Defendants.

10. During Ms. Rowe' employment, she has witnessed Defendants engage in a similar pattern and practice of treatment to other female employees, to wit:

 a. That Female employees were transferred within the company in a discriminatory manner;

 b. That Female employees were subjected to heightened disciplinary action in comparison to similarly-situated male employees;

 c. That Female employees were subjected to heightened scrutiny in the performance of duties in comparison to similarly-situated male employees;

 d. That Female employees were subjected to disparate treatment in the application of corporate managerial policy based on their sex;

 e. That Female employees were was subjected to comments during their employment;

 f. That Female employees were subjected to sex discrimination based upon a pattern of disparate hiring and firing by the Defendants; and,

 g. That Female employees were subjected to sex discrimination based upon a pattern of disparate discipline by the Defendants.

11. Ms. Rowe, during her employment, was treated to different terms and conditions of employment than male employees who were permitted to use foul and crude language.

12. On March 22, 2011, Ms. Rowe was terminated allegedly for using foul language, but on male employee has ever been written-up, counseled or terminated for this alleged offense.

## FIRST CLAIM:
### SEX DISCRIMINATION IN VIOLATION OF TITLE VII

For the First Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

12. That, as a member of a protected class, to wit: Female, Ms. Rowe is protected by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

13. That the disparate treatment of Ms. Rowe by Defendants was a direct result of discrimination on the basis of sex, to wit: Female, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

14. That, Ms. Rowe was unfairly treated and that the motivating reason for this treatment was based on her sex, to wit: Female, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

15. That Defendants ratified the acts of their agents and employees by failing to take remedial action upon notice by Ms. Rowe of the circumstances.

16. That the conduct complained of constitutes illegal sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

## SECOND CLAIM:
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

For the Second Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

16. That Ms. Rowe was subjected to discriminatory conduct, and that the motivating reason for this treatment is based on her sex, to wit: Female, as prohibited by Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

17. That said conduct has had the purpose or effect of unreasonably interfering with Ms. Rowe' work performance.

18. That said conduct has created an intimidating and hostile working environment for Ms. Rowe.

19. That said conduct was repeated frequently while Ms. Rowe was employed by Defendants.

20. That the harassers who were responsible for said conduct were Ms. Rowe' co-workers and supervisors.

21. That Defendants ratified the acts of their agents and employees by failing to take remedial action upon notice of the circumstances by Ms. Rowe.

### THIRD CLAIM:
### TORT OF WRONGFUL DISCHARGE IN VIOLATION OF
### OKLAHOMA PUBLIC POLICY AGAINST SEX DISCRIMINATION

For the Third Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

37. As a separate common law tort cause of action, Plaintiff alleges and states that a significant factor in Defendants' decision to discharge Plaintiff was her sex.

38. Defendants' discharge of Plaintiff, based in whole or in part upon Plaintiff's sex, violates the public policy of the State of Oklahoma as evidenced by statutory and/or decisional law.

39. Defendants' actions in discharging Plaintiff in violation of public policy was intentional, willful, malicious, or in reckless disregard for Plaintiff's rights.

40. Plaintiff is protected by the OADA against sex discrimination, and Plaintiff is entitled to the same and equal remedies for wrongful discharge in violation of said statute as other

individuals receive who are protected against discrimination based upon sex, age, color, age, national origin or handicap.

## JURY TRIAL REQUESTED

41. Plaintiff is entitled to a jury trial under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and her state law claims and hereby requests a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiff prays for judgment as follows:

1. Payment of back wages, benefits and compensation;

2. Reinstatement to her former position, or alternatively, appropriate front pay;

3. All compensatory damages, including, but not limited to, damages for humiliation, loss of dignity, and loss of enjoyment of life;

4. Declaratory and injunctive relief, as appropriate;

5. An assessment of damages to compensate for any tax consequences of this judgment;

6. Prejudgment interest;

7. Costs and attorney fees, and any other relief this Court deems just and equitable.

Respectfully submitted,

ARMSTRONG & LOWE, P.C.

_____
Terry A. Hall, OBA #10668
1401 South Cheyenne
Tulsa, Oklahoma 74119-3440
(918) 582-2500
(918) 583-1755 (facsimile)
**Attorneys for Plaintiff**

6