IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANICE Y. ROWE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-753-CVE-PJC |
| | ) |
| APAC-CENTRAL, INC., d/b/a | ) |
| OLD CASTLE MATERIAL GROUP, and | ) |
| APAC-ARKANSAS, INC., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT APAC-CENTRAL, INC.'S
### MOTION TO DISMISS AND BRIEF IN SUPPORT

COMES NOW the Defendant, APAC-Central, Inc. ("APAC"), misnamed by Plaintiff as APAC-Central, Inc., d/b/a Old Castle Material Group,[1] and pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, moves this Court for dismissal of all Plaintiff's claims, other than her wrongful discharge claim asserted under Title VII of the Civil Rights Act of 1964 and under Oklahoma public policy, because such claims are outside the scope of the EEOC Charge made the basis of this action. In support of this Motion, APAC shows the Court as follows:

#### BACKGROUND FACTS

On or about June 14, 2011, Plaintiff filed a Charge of Discrimination with the EEOC which contained <u>one</u> allegation of discrimination: wrongful discharge. More specifically, Plaintiff alleged only that male employees were allowed to use foul language when she was terminated for that offense. *See* Charge of Discrimination, attached as Exhibit 1.[2] Plaintiff also

---

[1] APAC has never conducted business as Old Castle Material Group.
[2] Attaching Plaintiff's EEOC Charge of Discrimination does not convert this motion to a motion for summary judgment under Rule 56. "When a party challenges the allegations supporting subject-matter jurisdiction, the 'court as wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. In such instances, a court's reference to evidence outside the pleadings does not convert the motion [to dismiss] to a Rule 56 motion [for summary judgment].'" *Davis v. United States*, 343 F.3d 1282, 1296

indicated on the EEOC Charge that both the earliest date and the latest date of the alleged discrimination was March 22, 2011, the date of Plaintiff's termination. *See id.* The EEOC dismissed Plaintiff's Charge of Discrimination on September 22, 2011, finding no reasonable cause to believe a violation of the statute occurred.

Plaintiff filed suit on December 1, 2011, asserting three claims for relief. In Count One, Plaintiff alleges a claim for sex discrimination in violation of Title VII of the Civil Rights Act of 1964. In support of this claim, Plaintiff alleges that she first became employed by APAC in 2002 and that she was subjected to disparate treatment presumably throughout her entire employment. *See* Complaint, ¶ 8. Accordingly, based on the facts alleged, it appears Plaintiff is asserting a disparate treatment claim as well as a wrongful termination claim. In Count Two, Plaintiff alleges a hostile work environment claim in violation of Title VII. In Count Three, Plaintiff asserts a wrongful discharge claim in violation of Oklahoma public policy. *See* Complaint (Dkt. 2).

No where within her EEOC Charge did Plaintiff include the "laundry list" of alleged disparate treatment or the hostile work environment she now asserts. Accordingly, to the extent Plaintiff is now asserting a claim for gender discrimination/disparate treatment (Plaintiff's Count One) or for hostile work environment (Plaintiff's Count Two), those claims must be dismissed as a matter of law because Plaintiff failed to exhaust the administrative prerequisites to bringing such claims.

Further, in the event Plaintiff is attempting to assert, for the first time in this case, "class claims," they are similarly subject to dismissal due to Plaintiff's failure to exhaust her administrative remedies. A pattern and practice case asserts that the alleged disparate treatment

---

(10th Cir. 2003) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). *See also Sallis v. Oil Capital Elec., LLC,* 2010 U.S. Dist. LEXIS 101236 (N.D. Okla. Sept. 23, 2010).

of plaintiff was part of an employer's larger general discriminatory treatment of other members of plaintiff's protected class. *See International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 336 (1977) (In a pattern or practice case a plaintiff must "prove more than the mere occurrence of isolated or accidental or sporadic discriminatory acts.") Most significantly, at least one circuit has held that these pattern and practice cases can only be brought by the EEOC or a class of plaintiffs. *See EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1286 (11th Cir. 2000).

### ARGUMENT AND AUTHORITIES

**PROPOSITION I:** PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE PREREQUISITES FOR HER HOSTILE WORK ENVIRONMENT/DISPARATE TREATMENT CLAIMS AND THUS THE COURT LACKS JURISDICTION OVER THE CLAIMS.

Title VII requires a plaintiff to exhaust all administrative remedies by filing a Charge of Discrimination with the EEOC before filing a private lawsuit. *See* 42 U.S.C. §2000e-5. At the time Plaintiff filed her Charge of Discrimination with the EEOC, Oklahoma was a "deferral state" meaning she was required to file a Charge of Discrimination within 300 days of the alleged discriminatory action. *See Barzellone v. City of Tulsa*, 2000 U.S. App. LEXIS 5987 (10th Cir. 2000) ("The Title VII and ADA period is extended to 300 days in states, such as Oklahoma, where a state agency investigates employment discrimination, if the plaintiff files a complaint with the state or local agency.")

"Exhaustion of administrative remedies is a 'jurisdictional prerequisite' to suit under Title VII." *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996). As a result, a district court must dismiss an unexhausted claim for lack of subject matter jurisdiction. *See Shikles v. Spring/Mgmt. Co.*, 426 F.3d 1304, 1318 (10th Cir. 2005); *see also Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002) ("A case is properly dismissed for lack of subject matter jurisdiction under

Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.").

In addition to a claim for wrongful termination, Plaintiff's Complaint alleges that she was subject to heightened disciplinary action, heightened scrutiny in the performance of her duties, disparate treatment in the application of corporate managerial policy, disparaging comments, as well as subject to disparate treatment with regard to promotion, and disparate treatment with regard to discipline. *See* Complaint, ¶8. Plaintiff failed to exhaust the administrative remedies on each of these claims because her EEOC Charge does not mention any of these allegations and, instead, was limited to a claim for wrongful termination.[3] Although Plaintiff's Charge includes a short statement asserting that she was treated differently than male employees "who were allowed to use foul language," this simply supports her wrongful termination claim, because she also stated that no male employees were ever "written-up, counseled or terminated for that offense." *See* Exhibit 1. The fact that Plaintiff identified only one date of discrimination, which coincides with her termination date, provides further support that the only claim for which Plaintiff exhausted her administrative remedies was her wrongful termination claim. *See id.*

Plaintiff's new and additional claims of discrete acts of discrimination are not like or reasonably related to her wrongful termination claim, nor is the continuing violation doctrine applicable here. The Tenth Circuit has considered situations where a plaintiff has exhausted some, but not all claims, and has held even if the claims are related, exhaustion as to all claims is still necessary.

---

[3] In addition, Plaintiff's Complaint does not include the dates she believes she was allegedly subjected to the other forms of discrimination. To the extent those allegations relate to events more than 300 days before the filing of her EEOC Charge, an additional ground for dismissal would be that she failed to file an EEOC Charge of Discrimination within the applicable statute of limitation.

4

> In *Martinez*, we noted that [*Morgan*] had effected a fundamental change to the "continuing violation" doctrine concerning unexhausted claims in Title VII actions. We had previously held that "when an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC." But we concluded in *Martinez* that *Morgan* "abrogate[d] the continuing violation doctrine . . . and replace[d] it with the teaching that each discrete incident of [discriminatory or retaliatory] treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted."
>
> In *Morgan*, the Court specifically identified termination as a discrete incident that is "easy to identify" and "separate[ly] actionable." The Court also identified the plaintiff's exhausted claim of wrongful suspension as a discrete incident that was not barred by the time limitations contained in the statute providing the exhaustion requirement. Thus, we easily conclude that Mr. Daneshvar's suspension and discharge were separate, discrete incidents, and that each required exhaustion. The fact that Mr. Daneshvar's discharge occurred some two weeks after his suspension does not compel a contrary result; the incidents remain discrete and separately actionable. Exhaustion of each act was required in order to meet the twin purposes of the exhaustion requirement-"to put an employer on notice of a violation prior to the commencement of judicial proceedings" and "to facilitate internal resolution of the issue rather than promoting costly and time-consuming litigation." The charge Mr. Daneshvar filed with the KHRC on January 7 concerning his suspension did not fulfill either purpose with respect to his discharge. Rather, he was required to present his discharge claim to the KHRC explicitly in order to exhaust his administrative remedies as to that claim.

*Daneshvar v. Graphic Tech., Inc.*, 237 Fed. Appx. 309, 313-314 (10th Cir. 2007).

In the present case, it is apparent that Plaintiff only exhausted her administrative remedies for her wrongful discharge claim, but did not exhaust the administrative remedies for the hostile work environment and disparate treatment claims set forth in Counts One and Two of her Complaint. Plaintiff did not include information sufficient to put APAC on notice that she intended to pursue a Title VII claim for disparate treatment and/or hostile work environment. Without proper exhaustion of those claims, this Count lacks jurisdiction to adjudicate them. Accordingly, the Court should issue its Order dismissing those claims pursuant to Fed.R.Civ.P.(b)(1).

PROPOSITION II:   THE COURT LACKS JURISDICTION OVER ANY "CLASS CLAIM" BEING ASSERTED BY PLAINTIFF.

Plaintiff's Complaint does not explicitly contain a cause of action for class based gender discrimination; however, due to some of the allegations she makes in her Complaint, APAC addresses that issue here. *See* Complaint, ¶10. Plaintiff's EEOC Charge is limited to an individual claim of wrongful termination and does not contain any class allegations. *See* Exhibit 1. Therefore, for the same reasons set forth above, any class allegations or claims are not proper and should be dismissed.

The Tenth Circuit has recognized the need to administratively exhaust with regard to a class claim before suit is proper:

> Martinez also contends her EEOC charge should be "liberally construed" to include demotion and class claims. While we generally construe charges of discrimination liberally, "our inquiry is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory acts alleged in the administrative charge. In other words, the charge must contain facts concerning the discriminatory or retaliatory actions underlying each claim . . . .". In her EEOC charge, Martinez said she "believe[d] she was discriminated against because of [her] age, in violation of the Age Discrimination in Employment Act." She was complaining about losing her job and did not allege she was demoted; nor did she say she was bringing a claim on behalf of other employees. One cannot reasonably expect the EEOC would investigate such charges based on this filing (and, indeed, it did not).
>
> Martinez nonetheless argues the filing requirements were satisfied because both the EEOC and Target were aware of the nature and scope of the allegations in the Oklahoma collective action. She argues: "As long as the EEOC and the company are aware of the nature and scope of the allegations, the purposes behind the filing requirements are satisfied . . . .".
>
> *Thiessen* is inapposite. In *Thiessen*, we considered whether eight individuals who did not file an administrative charge with the EEOC should have been allowed to opt-in to a suit filed by a similarly situated plaintiff--a situation known as "piggybacking"—even though they did not suffer adverse employment actions in the 300-day period prior to the filing of the similarly situated plaintiff's EEOC charge. We noted: "The policy behind the single filing rule is that it would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC." Martinez does not

claim she should be allowed to "piggyback" on a properly-filed charge; rather, she argues the charge she filed, liberally construed, was sufficient. As the district court correctly held, it was not.

*Martinez v. Target Corp.*, 384 Fed. Appx. 840, 845-846 (10th Cir. 2010) (internal citations omitted) (quoting *Jones v. UPS, Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) and *Thiessen v. Gen. Electric Capital Corp.*, 267 F.3d 1095, 1110 (10th Cir. 2001)).

Because Plaintiff made no mention of any type of class claim in her EEOC Charge, it is improper for her to pursue such a claim in this litigation. Insofar as such allegations or claims are being made here, they should be dismissed.

## CONCLUSION

Based upon the applicable law and the allegations Plaintiff set forth in her EEOC Charge, Plaintiff cannot be allowed to proceed with any claims in this lawsuit for which she has not properly exhausted her administrative remedies. Wherefore, premises considered, the Defendant, APAC-Central, Inc., moves the Court for dismissal of all Plaintiff's claims other than her claim for wrongful termination under Title VII and Oklahoma public policy, and for such other relief as the Court deems proper.

Respectfully submitted,

/s/Jo Anne Deaton, OBA #5938
JO ANNE DEATON, OBA #5938
DENELDA L. RICHARDSON, OBA #20103
RHODES, HIERONYMUS, JONES,
   TUCKER & GABLE, P.L.L.C.
P.O. Box 21100
Tulsa, Oklahoma 74121
Phone (918) 582-1173
Facsimile (918) 592-3390
jdeaton@rhodesokla.com
drichardson@rhodesokla.com
Attorneys for Defendant, APAC-Central, Inc.

7

## CERTIFICATE OF SERVICE

I certify that on December 22, 2011, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant: Terry A. Hall

/s/ Jo Anne Deaton, OBA #5938