**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **1. JANICE Y. ROWE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 11-CV-753-CVE-PJC** |
| | ) | |
| **2. APAC-CENTRAL, INC.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | **ATTORNEY LIEN CLAIMED** |
| **Defendant.** | ) | |

## AMENDED COMPLAINT

This action seeks declaratory and injunctive relief, compensatory and equitable damages, liquidated damages, punitive damages, and costs and attorney fees, for violations of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and the law of the State of Oklahoma, by the Defendants, ("APAC"), and suffered by the Plaintiff, Janice Y. Rowe.

### PARTIES, JURISDICTION, VENUE & CONDITIONS PRECEDENT

1. That Plaintiff, Janice Y. Rowe, was a resident of the City of Claremore, Rogers County, State of Oklahoma at all times relevant to this suit.

2. That Rowe is a member of a class of persons protected by Title VII of the Civil Rights Act, to wit: female.

3. That Defendant is a domesticated corporation conducting substantial business within the State of Oklahoma, located in Tulsa County, employing more than fifteen (15) full-time regular employees.

4. That Rowe filed her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, alleging that Defendant discriminated against her based upon her sex. Plaintiff has exhausted her administrative remedies as to her claim.

5. That Rowe has timely filed her Complaint in this matter after her receipt of her Right to Sue letter.

6. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1367(a); 29 U.S.C. §201 *et seq.*, as amended by 29 U.S. C. § 206(d); and 29 U.S.C. § 623 *et seq.*. Venue is proper under 28 U.S.C. § 1391(b) and, because the Defendant's actions and omissions that are alleged herein occurred within Tulsa County, State of Oklahoma and within this judicial district, jurisdiction and venue is proper in the Northern District of the United States District Court.

## FACTS

7. On or about July 8, 2002, Ms. Rowe began working for Defendant in their Tulsa, Oklahoma establishment, where Defendant is engaged in the production and supply of aggregate, sand, gravel, hot-mix asphalt and ready mixed concrete products.

8. Ms. Rowe, during her employment, was treated to different terms and conditions of employment than male employees who were permitted to use foul and crude language.

9. On March 22, 2011, Ms. Rowe was terminated allegedly for using foul language, but no male employee has ever been written-up, counseled or terminated for this alleged offense.

## FIRST CLAIM:
## SEX DISCRIMINATION IN VIOLATION OF TITLE VII

For the First Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

10. That, as a member of a protected class, to wit: Female, Ms. Rowe is protected by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

11. That the termination of Ms. Rowe by Defendant was a direct result of discrimination on the basis of sex, to wit: Female, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

12. That, Ms. Rowe was unfairly treated and that the motivating reason for this treatment was based on her sex, to wit: Female, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

13. That the conduct complained of constitutes illegal sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

**SECOND CLAIM:**
**TORT OF WRONGFUL DISCHARGE IN VIOLATION OF OKLAHOMA PUBLIC POLICY AGAINST SEX DISCRIMINATION**

For the Second Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

14. As a separate common law tort cause of action, Plaintiff alleges and states that a significant factor in Defendant's decision to discharge Plaintiff was her sex.

15. Defendant's discharge of Plaintiff, based in whole or in part upon Plaintiff's sex, violates the public policy of the State of Oklahoma as evidenced by statutory and/or decisional law.

16. Defendant's actions in discharging Plaintiff in violation of public policy was intentional, willful, malicious, or in reckless disregard for Plaintiff's rights.

17. Plaintiff is protected by the OADA against sex discrimination, and Plaintiff is entitled to the same and equal remedies for wrongful discharge in violation of said statute as other individuals receive who are protected against discrimination based upon sex, age, color, age, national origin or handicap.

## JURY TRIAL REQUESTED

18. Plaintiff is entitled to a jury trial under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and her state law claims and hereby requests a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiff prays for judgment as follows:

1. Payment of back wages, benefits and compensation;
2. Reinstatement to her former position, or alternatively, appropriate front pay;
3. All compensatory damages, including, but not limited to, damages for humiliation, loss of dignity, and loss of enjoyment of life;
4. Declaratory and injunctive relief, as appropriate;
5. An assessment of damages to compensate for any tax consequences of this judgment;
6. Prejudgment interest;
7. Costs and attorney fees, and any other relief this Court deems just and equitable.

Respectfully submitted,

ARMSTRONG & LOWE, P.C.

By: s/ Terry A. Hall

**Terry A. Hall, OBA #10668**
1401 South Cheyenne
Tulsa, Oklahoma 74119-3440
(918) 582-2500
(918) 583-1755 (facsimile)
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of February, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Jo Anne Deaton
RHODES, HIERONYMUS
P. O. Box 21100
Tulsa, OK 74121-1100

s/ Terry A. Hall